IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:19-CV-27-BO

CURRITUCK COUNTY, NORTH )
CAROLINA, )
        Plaintiff, )
 )
 )
v. ) O R D E R
 )
ELIZABETH E. LETENDRE, )
        Defendant. )

This cause comes before the Court on plaintiff's motion to remand and defendant's motion for an injunction pursuant to the All Writs Act, 28 U.S.C. 1651(a). The appropriate responses and replies have been filed and a hearing on the matters was held before the undersigned on February 5, 2020, at Elizabeth City, North Carolina. In the posture, the motions are ripe for ruling and, for the reasons that follow, both motions are denied.

### BACKGROUND

This case arises out of a dispute over a building project constructed on a 3.67-acre lot at 1441 Ocean Pearl Road in Currituck County, North Carolina. Defendant, Elizabeth LeTendre, is a resident of Massachusetts and owns the property and the dwelling. The parcel is within Currituck County's zoning jurisdiction and is subject to its Unified Development Ordinance (UDO). The North Carolina Court of Appeals has described the building project as comprising 15,000 square feet and consisting of: "a three-story main building that includes cooking, sleeping, and sanitary facilities" and two "two-story side buildings that include sleeping and sanitary facilities. The main building and side buildings are connected by conditioned hallways so that all three may be used together as one unit, and each of the three buildings is approximately 5,000 square feet." *Long v.*

*Currituck Cty.*, 248 N.C. App. 55, 56 (2016) (internal quotations omitted). This building project has resulted in a series of cases litigated before the Currituck County Board of Adjustment and in the state courts of North Carolina. The primary litigated issue has been whether LeTendre's plans satisfied the Currituck County UDO's definition of a single family dwelling. LeTendre's lot is located in the Single Family Residential Outer Banks Remote zone, in which the UDO permits single family detached dwellings. Single family detached dwellings are defined by the UDO as "a residential building containing not more than one dwelling unit to be occupied by one family, not physically attached to any other principal structure." [DE 1-3] Compl. ¶ 6.

In November 2013, the Currituck County Planning Director issued a letter of determination finding that LeTendre's revised project plans constituted a single family detached dwelling and complied with the county's UDO. LeTendre's neighbors, Marie and Michael Long, appealed the letter of determination to the Currituck County Board of Adjustment. The Board of Adjustment held that LeTendre's plans depicted a home that satisfied the UDO's definition of a single family dwelling. The Longs then appealed that decision to the Currituck County Superior Court. In December 2014, the superior court also ruled the plans reflected a single family dwelling in compliance with the UDO. *Long v. Currituck County and LeTendre*, 14-CVS-228.

The Longs again appealed, and on June 21, 2016, the North Carolina Court of Appeals held that LeTendre's project included multiple buildings, none of which were accessory structures, and that the project did not satisfy the UDO's definition of a single family dwelling. *Long v. Currituck Cty.*, 248 N.C. App. 55, 64 (2016). The court of appeals reversed the superior court's ruling and remanded for further proceedings consistent with its opinion. *Id.* On September 24, 2016, the superior court ordered that the Board of Adjustment's decision and the letter of determination were reversed.

In March 2015, during the appeals process, LeTendre received a building permit for the building project from the County. Construction was allegedly 95% complete when the court of appeals filed its opinion and by the end of 2016 the construction of the project was complete. On February 1, 2017, the County sent LeTendre a notice of violation, instructing her to bring the building project into compliance. LeTendre appealed the notice of violation to the Board of Adjustment, but no hearing has taken place. LeTendre submitted another set of construction plans to the County, and on March 27, 2017, the County sent LeTendre a letter of determination finding that the 2017 plans, which depicted the same buildings as the 2013 plans, was not in compliance with the UDO. Also on March 27, 2017, LeTendre filed a complaint and request for preliminary injunction in Currituck County Superior Court. *LeTendre v. Currituck County*, 17-CVS-146.

On June 9, 2017, the superior court entered a preliminary injunction against the County's February 2017 notice of violation and 2018 letter of determination. The superior court ordered the County to "deem the home approved by the County Building permit issued in March 2015 to be a single-family detached dwelling for purposes of the Currituck County Unified Development Ordinance; to rescind the Stop Work Order issued in September 2016 and the Notice of Violation issued in February 2017; and to permit Plaintiff to complete construction of her project and then allow occupancy." *Letendre v. Currituck Cty.*, 817 S.E.2d 73, 78 (N.C. Ct. App. 2018). The superior court also denied the Longs' motion to intervene.

The County appealed the preliminary injunction. On August 15, 2017, presumably while the County's appeal was pending, the County issued LeTendre a certificate of compliance for the project, describing it as a single family dwelling. The court of appeals ultimately reversed the superior court's entry of a preliminary injunction by opinion filed May 15, 2018. *Letendre*, 817

3

S.E.2d at 107. On February 15, 2019, the County notified LeTendre that it had revoked her certificate of compliance.

On August 5, 2019, Currituck County filed a complaint against LeTendre in the Currituck County Superior Court seeking, *inter alia*, a declaration and prohibitory injunction under state law as well as an order of abatement and/or mandatory injunction compelling LeTendre to conform the building project to comply with section 10.51 of the Currituck County UDO and prior decisions of the North Carolina Court of Appeals. LeTendre removed Currituck County's complaint to this Court on the basis of its diversity jurisdiction and asserted counterclaims against the County.

Following LeTendre's removal of Currituck County's case to this Court, Currituck County and Michael P. and Marie C. Long filed a motion for injunctive relief in the closed Currituck County Superior Court proceeding, 14 CVS 228, styled *Long v. Currituck County, North Carolina and Elizabeth LeTendre*. [DE 23-1]. In their joint motion, the Longs and Currituck County sought ancillary injunctive relief under N.C. Gen. Stat. § 160A-393(m) seeking an order enforcing the court of appeals' decision in *Long v. Currituck County*, 285 N.C. App. 55 (2016), and ordering LeTendre to either move or remove her allegedly unlawful buildings from the 1441 Ocean Pearl Road lot. The Superior Court granted the Longs' and Currituck County's request for injunctive relief and declined to stay its order to allow the litigation in this Court to proceed. [DE 23-3; 23-4]. LeTendre's motion for injunction under the All Writs Act was filed in this Court following the superior court's denial of her motion to stay the state proceeding.

A few days after Currituck County and the Longs filed their joint motion in Currituck County Superior Court, Currituck County filed a motion to remand this case to Currituck County. Currituck County argues that the doctrines of *Burford* and *Younger* abstention apply and counsel

4

against this Court adjudicating the County's complaint and LeTendre's counterclaims. LeTendre opposes remand.

DISCUSSION

I. Motion for injunction under the All Writs Act.

The All Writs Act provides that the federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principals of law." 28 U.S.V. § 1651(a). It authorizes federal courts to "issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977).

The Anti-Injunction Act, however, provides that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act is an "absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977).

LeTendre's counterclaims against Currituck County include, among others, claims under 42 U.S.C. § 1983 for inverse condemnation and unconstitutional taking as well as violation of her equal protection rights secured by the Fourteenth Amendment. Section 1983 is an act of Congress which falls within the expressly authorized exception to the Anti-Injunction Act. *Mitchum v. Foster*, 407 U.S. 225, 243 (1972). However, merely because an injunction may issue does not mean that it should or must. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151 (1988). Rather, a federal court must be restrained by principles of equity, comity, and federalism, and should only

5

stay a state court proceeding where the moving party's § 1983 claims could not be given their intended scope in the absence of an injunction. *Mitchum*, 407 U.S. at 238, 243. Here, it is plain that LeTendre will be able to prosecute her § 1983 claims even in the face of a state court order to enforce the decisions of the state court of appeals. *See also Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2176 (2019) (discussing taking claims and holding that "As long as an adequate provision for obtaining just compensation exists, there is no basis to enjoin government action effecting a taking.").

Nor would an injunction be, as LeTendre argues, in aid of this Court's jurisdiction. "The rule is well established that where federal and state courts have concurrent jurisdiction over actions involving an identical issue and both are in personam the actions may proceed simultaneously and neither court may enjoin the other proceeding." *St. Paul Fire & Marine Ins. Co. v. Lack*, 443 F.2d 404, 407 (4th Cir. 1971); *see also United States v. Schurkman*, 728 F.3d 129, 138 (2d Cir. 2013). Finally, the third exception to the Anti-Injunction Act is inapplicable, as this Court has not entered judgment in this matter that would need protecting or effectuating. *Bryan v. BellSouth Commc'ns, Inc.*, 492 F.3d 231, 236 (4th Cir. 2007).

Accordingly, the Court, in its discretion, declines to enter the injunction sought by LeTendre.

II. Motion to remand.

Currituck County asks this Court to remand based upon the doctrines of *Burford* and *Younger* abstention. *See Burford v. Sun Oil Co.*, 319 U.S. 315, 316 (1943); *Younger v. Harris*, 401 U.S. 37, 38 (1971). It is undisputed that this case was properly removed and that this Court has jurisdiction over the complaint and counterclaims.

6

Federal courts typically have an unflagging duty to exercise their jurisdiction to decide cases which are properly before them. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). Abstention under *Burford* applies to federal courts sitting in equity

> (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989) (citation omitted). *Burford* abstention has often been found to be appropriate in state and local land use and zoning cases because a federal decision would be disruptive of a state's establishment of a coherent policy with respect to a matter of public concern. *See, e.g., MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 282 (4th Cir. 2008). However, zoning and land use cases do not automatically require federal courts to abstain under *Burford*. *Washington Gas Light Co. v. Prince George's Cty. Council*, 711 F.3d 412, 419 (4th Cir. 2013).

The Court in its discretion determines that *Burford* abstention is not warranted in this case. This Court will not be required to answer difficult or disputed questions of state law, and strong state interest alone is an insufficient ground on which to abstain under *Burford*. *Martin v. Stewart*, 499 F.3d 360, 369 (4th Cir. 2007). Moreover, the Court plainly has jurisdiction and may proceed to consider LeTendre's counterclaims, including her vested rights and equal protection claims. *See, e.g., Griffin Farm & Landfill, Inc. v. Town of Unionville*, No. 3:10-CV-250-RJC-DSC, 2012 WL 3257789, at *3 (W.D.N.C. Aug. 8, 2012) (examination of whether party acquired vested right under North Carolina law); *Town of Nags Head v. Toloczko*, 728 F.3d 391, 398 (4th Cir. 2013) (citation omitted) (that equal protection claim and zoning law are intertwined does not necessarily mean that the equal protection claim is "state law in federal clothing."). Additionally, inverse

7

condemnation claims need not be litigated in state court before proceeding in federal court. *Knick*, 139 S. Ct. at 2179.

Mindful that the balance between federal and state interest "only rarely favors abstention," *Quackenbush*, 517 U.S. at 726, the Court determines that abstention under *Burford* is not appropriate in this case, and that if it were, the Court would exercise its discretion not to abstain.

Under *Younger*, a federal court must "abstain from exercising jurisdiction and interfering in a state [] proceeding if 1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006); *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008).

First, there is no pending litigation which was brought prior to substantial progress in this case. The County filed this action in August 2019, and it filed its motion seeking to enforce judgment in the closed *Long* proceeding after this case was removed to this Court. Second, "[a]bstention is not in order simply because a pending state-court proceeding involves the same subject matter." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). *Younger* involved a state criminal prosecution, and, although its holding has been extended to apply where there is an ongoing civil case which is quasi-criminal in nature or akin to a criminal proceeding, the Supreme Court has cautioned against extending *Younger* to virtually all parallel federal and state proceedings. *Id.* at 72, 81.

For these reasons, the Court determines that the requirements for *Younger* abstention are not present in this action, and it declines to abstain on that ground.

Also pending before the Court is a motion by Marie and Michael Long to intervene in this action for the limited purpose of opposing LeTendre's request for an injunction. Because the Court has denied the motion for injunction, the motion to intervene is denied as moot.

## CONCLUSION

Accordingly, and for the foregoing reasons, the motion to remand [DE 15] is DENIED and the motion for an injunction pursuant to the All Writs Act [DE 21] is also DENIED. The motion to intervene [DE 31] is DENIED AS MOOT.

SO ORDERED, this __12__ day of February, 2020.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE