IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:19-CV-27-BO

CURRITUCK COUNTY, NORTH )
CAROLINA, )
             Plaintiff, )
 )
v. )     O R D E R
 )
ELIZABETH E. LETENDRE, )
             Defendant. )

This cause comes before the Court on a Rule 54(b) motion by intervenors Marie and Michael Long for reconsideration of the Court's summary judgment order. Plaintiff Currituck County has also moved for reconsideration of the Court's summary judgment order, relying on the intervenor's brief in support of their Rule 54(b) motion. Finally, the intervenors have filed a motion for partial summary judgment, which defendant LeTendre has moved to strike. The appropriate responses and replies have been filed, or the time for doing so has expired, and the matters are ripe for ruling. For the reasons that follow, the motions to reconsider are denied and the motion to strike is granted.

## BACKGROUND

The Court dispenses with a recitation of the background of this matter and incorporates by reference as if fully set forth herein the relevant procedural and factual background provided in its order on summary judgment entered November 17, 2020. The Court's 17 November 2020 order, *inter alia*, denied Currituck County's motion for partial summary judgment and granted Letendre's motion for partial summary judgment, holding that Letendre was entitled to partial summary judgment in her favor on her counterclaim seeking a declaration that (1) her building project at

1441 Ocean Pearl Road in Currituck County satisfies the definition of a single-family detached dwelling under the Currituck County UDO; (2) Currituck County's current interpretation of what constitutes a single-family detached dwelling as applied to the LeTendre project is inconsistent with the State Building Code's definition of a dwelling; and, as a result, (3) Currituck County must rescind its Notice of Certificate of Compliance Revocation and reinstate its Certificate of Compliance because the project satisfies the definition of a single-family detached dwelling. [DE 81].

## DISCUSSION

Rule 54(b) of the Federal Rules of Civil Procedure provides that a court may revise any order entered prior to entry of final judgment. The decision to do so lies within the discretion of the court, which is not bound by the strict standards applicable to requests to reconsider final judgment, but which should be guided by the principles of the doctrine of law of the case. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation, alterations, and citation omitted) (noting similarity of this standard to that applicable to Rule 59(e) motions, except that law-of-the-case standard allows for new evidence discovered during litigation as opposed to evidence not available at trial to serve as basis for reconsideration motion). Motions to reconsider interlocutory orders are "disfavored and should be granted sparingly." *Wootten v. Commonwealth of Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (internal quotation and citation omitted).

2

Intervenors and Currituck County have failed to satisfy their burden to show that the Court's prior order should be reconsidered. The movants contend that they have presented new evidence regarding the 2015 Building Code Council proceedings which are material to the issues before the Court and which the Court has not previously considered. The Court has reviewed the materials submitted by the intervenors and concludes they do not constitute new evidence. Intervenors have submitted for the Court's consideration as new evidence an email from the Chief Code Consultant, the request for formal interpretation by Letendre, North Carolina Department of Insurance (NCDOI) formal interpretations, the NCDOI decision which was the subject of the Building Code Council appeal, and Letendre's actual appeal to the Building Code Council. [DE 83 Ex. 1-6].

The proceedings before the Building Code Council were briefed at length by Currituck County and were addressed in the affidavit submitted by the intervenors attached to Currituck County's motion for partial summary judgment. The intervenors' affidavit summarizes the evidence which they now contend is new. [DE 55 at 42-43 ¶ 12]. Movants have not provided the Court with any new evidence which is material to is prior holding.

Movants do not contend there is any intervening change in applicable law which would support the Court's reconsideration of its prior order. Finally, to the extent movants contend that the Court has committed a clear error resulting in manifest injustice, this argument, too, fails. To demonstrate that a court committed a clear error which would result in manifest injustice, the decision must be "dead wrong," not "just maybe or probably wrong; it must ... strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info Sys. & Networks Corp.*, 1995 WL 520978, *5 n. 6 (4th Cir. 1995)). Movants' arguments fall well-short of this standard.

3

Movants' arguments simply rehash or reshape arguments made by the County in its prior briefing. Moreover, as the Court noted in its prior order, intervenors did not in their motion to intervene seek leave to file additional briefing and relied on their position that their interests were aligned with the County. Additionally, the Court did consider their position as presented by their affidavit. At bottom, movants disagree with the Court's ruling, but a motion for reconsideration is not a substitute for an appeal.

The motions for reconsideration are denied. To that end, Letendre's motion to strike the intervenors' motion for summary judgment, which was filed without leave, presents argument regarding issues already decided by the Court, and presents evidence already filed on the Court's docket, is granted.

## CONCLUSION

Accordingly, for the foregoing reasons, the motions for reconsideration [DE 82 & 87] are DENIED. Defendant's motion to strike [DE 90] is GRANTED and intervenors' motion for summary judgment [DE 89] is STRICKEN.

SO ORDERED, this __7__ day of June, 2020.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE