IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:19-CV-27-BO

| | |
|---|---|
| CURRITUCK COUNTY, NORTH CAROLINA, Plaintiff, | ) ) ) ) |
| v. | ) ORDER ) |
| ELIZABETH E. LETENDRE, Defendant. | ) ) ) |

This cause comes before the Court on the parties' briefs regarding abstention and defendant's motion to voluntarily dismiss the remaining counterclaims. All matters are ripe for consideration and decision. For the reasons discussed more fully below, the Court declines to reconsider its decision not to abstain and grants the motion for voluntary dismissal of defendant's remaining counterclaims.

## BACKGROUND[1]

Plaintiff Currituck County filed this declaratory judgment action in Currituck County, North Carolina Superior Court on August 5, 2019. Defendant LeTendre removed the case to this Court pursuant to its diversity jurisdiction. [DE 1]. LeTendre also filed counterclaims against Currituck County, including her own claim for declaratory relief as well as claims for damages for violations of her constitutional rights. [DE 13].

At the outset of this case, the Court denied a motion for entry of a preliminary injunction under the All Writs Act, 28 U.S.C. § 1651, filed by LeTendre. [DE 39]. The Court also denied

---

[1] The factual and procedural background of this action have been outlined in prior orders of the Court and is well-understood by the parties. The Court thus recounts only the portions relevant to its decision herein.

Currituck County's request to remand the case back to Superior Court based primarily upon the *Burford* and *Younger* abstention doctrines. *Id.*

This case concerns an ocean-front dwelling constructed by LeTendre on Ocean Pearl Road in Currituck County. Though LeTendre was initially granted permits to build her home, her neighbors, Marie and Michael Long,[2] challenged the County's approval of LeTendre's dwelling in state court. The North Carolina Court of Appeals ultimately determined that LeTendre's dwelling violated Currituck County's Unified Development Ordinance (UDO) because, at bottom, it did not satisfy the definition of a single-family detached dwelling. *See Long v. Currituck Cty.*, 248 N.C. App. 55 (2016) and *Letendre v. Currituck Cty.*, 259 N.C. App. 512, 551 (2018).

On July 11, 2019, the governor of North Carolina signed into law Senate Bill 355, entitled "An Act to Clarify and Make Changes to the Land-Use Regulatory Laws of the State." S.L. 2019-111. Senate Bill 355 clarified the provisions of section 153A-346(b) of the North Carolina General Statutes by amending it to state as follows: "a county may not use a definition of building, dwelling, dwelling unit, bedroom, or sleeping unit that is inconsistent with any definition of the same in another statute or in a rule adopted by a State agency, including the State Building Code Council."

LeTendre asked this Court for entry of partial summary judgment in her favor, arguing that the new law, coupled with a 2015 Building Code Council decision regarding her project, effectively abrogated the *Long* and *LeTendre* decisions of the North Carolina Court of Appeals and required a finding that her dwelling satisfies the definition of a single-family detached dwelling under the Currituck County UDO. The Court granted LeTendre's motion and awarded

---

[2] The Longs were permitted to intervene in this action on a limited basis. [DE 81].

2

her partial summary judgment on her declaratory judgment counterclaim. It denied the County's motion for partial summary judgment in its favor on LeTendre's counterclaim. [DE 81].

While this case has been pending, matters between these parties, including the Longs, did not desist in the state courts. Notably, and although it was a non-final order not entitled to preclusive effect, almost a year prior to the entry of this Court's order on partial summary judgment, the County and the Longs contend that the North Carolina Superior Court rejected LeTendre's argument regarding the effect of the new law on the prior decisions of the North Carolina Court of Appeals and the designation of her project as a single-family detached dwelling.[3] [DE 108-2]. LeTendre appealed that order, and the appeal was later dismissed on motion by the County and the Longs, leaving the superior court's order intact. Recently, however, after a hearing at which the parallel proceedings were discussed in detail, [DE 120-1], the state superior court stayed its proceedings for six months or an earlier time on motion of the parties or modification of the order by the court. [DE 118-1].

## DISCUSSION

In response to the Court's request for additional briefing, Currituck County and the Longs have each requested that the Court reconsider abstention, vacate its prior partial summary judgment order, and remand the matter back to state court on all claims and counterclaims. LeTendre has asked the Court to decline to reconsider its decision that abstention is unwarranted, continue to exercise jurisdiction over the case, grant LeTendre's motion to voluntarily dismiss her remaining counterclaims, and enter final judgment.

The Court has thoroughly considered the parties' briefing and the arguments made therein, as well as the portions of the state court record provided by the parties in support of their positions.

---

[3] This superior court decision was not addressed in the parties' partial summary judgment briefing but was provided to the Court in a status update in December 2021.

3

Despite any apparent conflict between this Court and the North Carolina Superior Court, which may caution in favor of reconsidering abstention, there are additional considerations at play, including doctrines such as law of the case and the procedural postures of the parallel proceedings. While the law of the case doctrine does not prevent a court from reconsidering an earlier ruling prior to entry of judgment, *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003), the Court is nonetheless "[d]riven by considerations of fairness to the parties, judicial economy, and the societal interest in finality" in deciding that the appropriate course of action at this stage is to retain jurisdiction so as to allow final judgment to be entered and an appeal taken therefrom. *Cnty. of Suffolk v. Stone & Webster Eng'g Corp.*, 106 F.3d 1112, 1117 (2d Cir. 1997).

To that end, the Court allows LeTendre's motion to dismiss her remaining counterclaims for damages. LeTendre has moved to dismiss her remaining counterclaims pursuant to Fed. R. Civ. P. 41(a)(2), which provides that dismissal is without prejudice unless the order states otherwise. In response to LeTendre's motion, which is silent as to whether she is requesting dismissal with or without prejudice, Currituck County and the Longs have each asked the Court to dismiss those claims with prejudice so that an appeal of the Court's ruling on the issue that is the subject of the partial summary judgment motions is proper. *See Domino Sugar Corp. v. Sugar Workers Loc. Union 392 of United Food & Com. Workers Int'l Union*, 10 F.3d 1064, 1066 (4th Cir. 1993). LeTendre has not filed a reply to the requests that the dismissal of the remaining counterclaims be with prejudice and the time for doing so has expired. Accordingly, the Court considers any argument by LeTendre that the remaining counterclaims should be dismissed without prejudice waived, and those claims are hereby dismissed with prejudice.

LeTendre has further requested that the Court convert its partial summary judgment order to a final judgment on the merits. However, while the legal issue presented in LeTendre's

4

declaratory judgment counterclaim appears to be the same as that presented in the County's complaint, no party has moved for summary judgment on the County's claim under North Carolina's Declaratory Judgment Act and the Court declines in this procedural posture to merely convert the partial summary judgment order to one for final judgment. The parties are provided fourteen days from the date of entry of this order to file a motion or motions to resolve the County's claim on the record so as to enable the entry of final judgment.

## CONCLUSION

Accordingly, for the foregoing reasons, the Court declines to reconsider its prior decision on abstention. LeTendre's motion to dismiss her remaining second, third, and fourth counterclaims [DE 117] is GRANTED and those counterclaims are DISMISSED WITH PREJUDICE. The parties are provided fourteen (14) days from the date of entry of this order to file a motion(s) to resolve the County's claim on the record so as to enable the entry of final judgment.

SO ORDERED, this $\partial$ day of June 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE